UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

HECTOR ACEVEDO,

                Petitioner,

  -against-                              9:16-CV-0594 (LEK/DEP)

SUPERINTENDENT,

                Respondent.

## **ORDER**

      This matter comes before the Court following a report-recommendation filed on February 16, 2018, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 12 ("Report-Recommendation").

      Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. <u>Barnes v. Prack</u>, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); <u>Farid v. Bouey</u>, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); <u>see also</u> <u>Machicote v. Ercole</u>, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

No objections were filed in the allotted time period. Docket. Thus, the Court has reviewed the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 12) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Petition (Dkt. No. 1) is **DENIED and DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[1] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 13, 2018
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[1] See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"); Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007) ("Where, as here, the denial of the habeas petition is based upon procedural grounds, the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation.").